In re Christopher James CLEMENS, t/d/b/a the Clemens Organization & Christopher J. Clemens, Architect, Debtor.

Christopher James Clemens, t/d/b/a the Clemens Organization & Christopher J. Clemens, Architect, Plaintiff,

v.

West Milton State Bank, Defendant.

Bankruptcy No. 5–92–01361.
Adversary No. 5–93–0028.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

March 9, 2001.

David Braverman, John E. Kaskey, Braverman, Kaskey & Caprara, Philadelphia, PA, for Plaintiff.

Michael Robinson, Selingsgrove, PA, for Debtor/Plaintiff.

Joseph Sobel, Harrisburg, PA, for Defendant.

Donna M. J. Clark, Rhoades & Sinon, Harrisburg, PA, for Defendant.

Gregory Lyons, Office of U.S. Trustee, Harrisburg, PA, for Office of U.S. Trustee.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

West Milton State Bank ("Bank") is the major creditor of Christopher James Clemens ("Clemens"), the Debtor. The Bank

funded Clemens' land development project and was owed in excess of one million dollars when Clemens filed for relief under Chapter 11. During the bankruptcy, Clemens initiated a lawsuit against the Bank alleging various lender liability issues. Those issues have been fully litigated and have resulted in a dollar judgment against the Bank in the amount of $874,892.16. Prior to turning that fund over to the Debtor, the Bank articulated a disclaimer that use of the fund was subject to adequate protection under the terms of 11 U.S.C. § 506(a). It raises this issue by reference in Count II of Motion of West Milton State Bank for Entry of Judgment and for Interim Disposition of Proceeds filed August 28, 2000. Its argument deserves discussion.

11 U.S.C. § 506(a) reads as follows:

§ 506. Determination of secured status.

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, *or that is subject to setoff under section 553 of this title,* is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. (Emphasis added.)

The Bank asserts that its original loan to Clemens is subject to setoff with regard to the verdict entered against it by the bankruptcy court and, therefore, it should be secured to that extent by virtue of 11 U.S.C. § 506(a).

Section 553 of the Bankruptcy Code is captioned "Setoff" and affirms that the Bankruptcy Code "does not affect any right of a creditor to offset a mutual debt," subject to certain conditions. Specifically, both the debt owing the creditor and the claim of the creditor against the debtor must have arisen prior to the commencement of the case. 11 U.S.C. § 553(a). Setoff generally refers to the offsetting of mutual debts which are the product of different transactions. *In re University Medical Center,* 973 F.2d 1065, 1079 (3d Cir.1992). It should be contrasted to recoupment, which is a type of offset that derives from claims arising from the same transaction. *In re Flagstaff Realty Associates,* 60 F.3d 1031, 1035 (3d Cir.1995). In the typical federal litigation, recoupment will be pled as a compulsory counterclaim in the same action as a claim. Federal Rule of Civil Procedure 19. That rule has been altered in bankruptcy cases by Federal Rule of Bankruptcy Procedure 7019, so that a party sued by a debtor in possession need not state a claim for recoupment that the party has against the debtor. Since the party sued must, typically, file a proof of claim to share in distribution, an alternative recourse is accessible to that party, not otherwise available to it in non-bankruptcy forums.

"Section 553 incorporates and preserves in bankruptcy law the right of setoff available at common law." *United States v. Norton,* 717 F.2d 767, 772 (3d Cir.1983). The equitable right of setoff has long been recognized in bankruptcy, e.g., *Libby v. Hopkins,* 104 U.S. 303, 26 L.Ed. 769 (1881). The rule allows parties that owe mutual debts to state the accounts between them, subtract one from the other, and pay only the balance. The rule is grounded on the absurdity of "mak-

ing A pay B when B owes A." *Studley v. Boylston Nat'l Bank,* 229 U.S. 523, 528, 33 S.Ct. 806, 808, 57 L.Ed. 1313 (1913). However, setoff is at odds with a fundamental policy of bankruptcy, equality among creditors, because it "permits a creditor to obtain full satisfaction of a claim by extinguishing an equal amount of the creditor's obligation to the debtor, i.e., in effect, the creditor receives a 'preference.'" *In re Braniff Airways, Inc.,* 42 B.R. 443, 448 (Bankr.N.D.Tex.1984).

■ "The provision is permissive rather than mandatory, and cannot be invoked in a case where the general principles of setoff would not justify it. *United States v. Norton,* 717 F.2d at 772; *cf. Cumberland Glass Mfg. Co. v. De Witt,* 237 U.S. 447, 455, 35 S.Ct. 636, 639, 59 L.Ed. 1042 (1915) (construing section 68(a) of the Bankruptcy Act of 1898, the predecessor to section 553)." *In re Bevill, Bresler & Schulman Asset Management Corp.,* 896 F.2d 54, 57 (3d Cir.1990).

■ As articulated in Title 11, § 553 requires four conditions for "setoff" to be applicable in bankruptcy cases. They are as follows:

(1) the creditor's claim must have arisen prior to the debtor's bankruptcy;

(2) the creditor's debt to the debtor must have arisen prior to the bankruptcy;

(3) both claim and debt must be valid and enforceable; and

(4) both the claim and the debt must be mutual.

5 Lawrence P. King, Collier on Bankruptcy ¶ 553.01[1] at 553–7 (15th ed.2000).

### The Creditor's Claim

The Bankruptcy Code defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A).

Schedule D of the bankruptcy schedules of the Debtor identifies as a creditor, the West Milton State Bank, and indicates that the amount of their claim is liquidated and fixed at $1,001,373.74.

Certainly, a claim is present here.

### The Creditor's Debt

■ The Bankruptcy Code defined "debts" as a "liability on a claim." 11 U.S.C. § 101(12). The Debtor initiated his litigation against the West Milton State Bank as an adversary in the bankruptcy filed February 3, 1993. In his Complaint, the Debtor alleges a number of counts which, he argued, supports his lender liability claim against the Bank. All these counts arose as a result of the loan agreements and mortgages that supported the Bank's claim against the Debtor. Eventually, on September 15, 2000, the Court entered judgment against the Bank in the amount of $874,892.16 with interest from January 28, 1998. All facts leading to this cause of action occurred prior to the Debtor's bankruptcy.

The case of *United States v. Gerth,* 991 F.2d 1428 (8th Cir.1993), explained the point when a debt arises as "when all transactions necessary for liability occur, regardless of whether the claim was contingent, unliquidated, or unmatured when the petition was filed." *Id.* at 1433. A breach of contract claim qualifies as meeting this definition of "debt." *In re Energy Cooperative, Inc.,* 814 F.2d 1226 (7th Cir. 1987), *cert. denied,* 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987). It is coextensive with the definition of claim and, therefore, need not be reduced to judgment. As the court explained in *Energy Coop., Inc. v. SOCAP Int'l Ltd. (In re Energy Coop., Inc.),* 832 F.2d 997, 1002 (7th Cir.

1987), "a debt arises at the moment a party has a claim for breach of contract." The Debtor, indeed, is owed a debt from the Bank as of the filing date.

### Validity and Enforceability

The fact that the claim of the Bank was listed on the Debtor's schedules without being designated as either disputed, contingent, or unliquidated is prima facie evidence of the validity and the amount of the claim. Federal Rule of Bankruptcy Procedure 3003(b)(1). The fact that the creditor's debt in favor of the Debtor has been reduced to judgment is absolute evidence of the validity and enforceability of that obligation. Nothing more need be said in determining that this condition has been met.

### Mutuality

■ "The right of setoff depends on the existence of mutual debts and claims between creditor and debtor." *In re Bevill, Bresler & Schulman Asset Management Corp.*, 896 F.2d 54, 57 (3d Cir.1990). "[T]he debts must be between the same parties in the same capacities." 3 James M. Henderson, *Remington on Bankruptcy* § 1445 at 399 (1957) (referring to prior similar legislation). "The mutuality requirement is strictly construed." 9D Am. Jur.2d *Bankruptcy* § 2560 (1999).

■ The recoupment doctrine, on the other hand, "is essentially a defense to the debtor's claim ... rather than a mutual obligation." *Lee v. Schweiker*, 739 F.2d 870 (3d Cir.1984); *Folger Adam Sec., Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252, 261 (3d Cir.2000); *In re Monongahela Rye Liquors*, 141 F.2d 864, 869 (3d Cir.1944). In fact, the right to recoupment is unaffected by bankruptcy so that there is no bar in applying debt owing the debtor to reduce debt owed by the debtor. *Westinghouse Elec. Corp. v. Fidelity Deposit Co. of Maryland*, 63 B.R. 18, 21 (E.D.Pa.1986). For example,

[r]ecoupment is an adjustment of the debtor's liability and is not a transfer for purposes of sustaining a voidable preference, whereas setoff involves mutual debts or mutual credits between the debtor's estate and a creditor whereby claims arising out of different transactions or occurrences are offset; recoupment, unlike setoff, does not involve the concept of mutuality of obligations and arises out of the same transaction, rather than out of different transactions. In other words, recoupment is the determination of the rights of parties to a single transaction so as to determine the net liability one to the other out of that single transaction. (Footnotes omitted.)

9D Am.Jur.2d *Bankruptcy* § 2558 (1999).

Recoupment lacks the mutuality needed to find a setoff because it arises from the same claim. *Waldschmidt v. CBS, Inc.*, 14 B.R. 309, 314 (M.D.Tenn.1981). Recoupment is not within the "ambit" of section 68 of the bankruptcy act (the predecessor of current section 553) "The rule of recoupment in bankruptcy derives from the rule that the trustee takes the bankrupt's property subject to the equities therein. It does not attach by reason of the set-off provisions of Sec. 68, sub. a." *In re Monongahela Rye Liquors*, 141 F.2d 864, 869 (3d Cir.1944). This point is restated in the Collier treatise, which suggests that, "as a general rule, the requirements and limitations of section 553 do not apply to recoupments." 5 Lawrence P. King, Collier on Bankruptcy ¶ 553.10 at 553–99 (15th ed.2000).

■ Having discussed the distinction between setoff and recoupment, I turn my attention to the lender liability claim of the Debtor and find that it arises from the very same lending agreements that support the Bank's claim against the Debtor as evidenced in the schedules. The par-

ties, at argument, concede that both obligations arise from the same transaction and, in any other federal forum besides bankruptcy, the Bank would be required to have pled the claim as a defense to a lender liability suit by reason of Federal Rule of Civil Procedure 13. Case law from this Circuit supports the conclusion that lending agreements and lender liability claims arising from the administration of those agreements, arise from the "same transaction." *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414 (3d Cir.1988), *cert. denied,* 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988). Thus, the Bank's claim against the Debtor could have been utilized as a defense to the Debtor's lender liability claim against the Bank. The Bank chose not to use that claim as a defense. Furthermore, the Bank did not attempt to link its payment of the judgment to the Debtor with any claims litigation that it could have initiated. In short, the Bank has relied on 11 U.S.C. §§ 506(a) and 553 as authority in guaranteeing that its scheduled claim against the Debtor is satisfactorily secured.[1] I hold today that 11 U.S.C. § 553 does not apply to recoupment because, unlike setoff, recoupment lacks the ingredient of mutuality, and, therefore, the provisions of § 506(a) of the Bankruptcy Code are not applicable.

---

**1.** Notwithstanding this conclusion, the Bank continues to maintain that it is further secured by collateral pursuant to its loan agreements.